1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   ANDREW SEVEY,                              )     No. C 10-3677 LHK (PR)
                                               )
12            Plaintiff,                       )     ORDER OF SERVICE;
                                               )     DIRECTING DEFENDANTS TO
13      v.                                     )     FILE DISPOSITIVE MOTION
                                               )     OR NOTICE REGARDING
14   SOLIZ, et al.,                            )     SUCH MOTION
                                               )
15            Defendants.                      )     (Docket No. 8)
     _____)

16

17          Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint

18   pursuant to 42 U.S.C. § 1983 alleging that employees of the Lake County Sheriff's Department,

19   violated his constitutional rights.  Plaintiff's notification and request to proceed on the amended

20   complaint is GRANTED.  For the reasons stated below, the Court orders service upon the named

21   defendants.

22                                        **DISCUSSION**

23   A.     Standard of Review

24          A federal court must conduct a preliminary screening in any case in which a prisoner

25   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

26   28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

27   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

28   seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sevey677srv2.wpd

1   § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

2   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

5   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

6   *Atkins*, 487 U.S. 42, 48 (1988).

7   B.      Plaintiff's Claims

8           Plaintiff's amended complaint contains substantially the same factual allegations as his

9   original complaint.  However, Plaintiff substitutes his originally named defendant for nine

10  others.  Plaintiff alleges that on April 28, 2010, he was transported from Mule Creek State Prison

11  to Lake County Jail.  The defendants knew that he was a "sensitive needs" prisoner, and Plaintiff

12  informed them that he would "probably" have problems if they housed him in general

13  population.  One of the female defendants said she would place Plaintiff in the general

14  population anyway.  Approximately one hour later, Plaintiff was released with fifteen other

15  general population male inmates into the dayroom.  Plaintiff was attacked and beaten by several

16  of the inmates.  Plaintiff managed to escape to his cell and eventually received treatment for his

17  injuries.  Liberally construed, Plaintiff has stated a cognizable claim against the named

18  defendants for a failure to protect, in violation of the Eighth Amendment.  The Court exercises

19  its supplemental jurisdiction over Plaintiff's state law tort claim as well.

**CONCLUSION**

21          For the foregoing reasons, the court hereby orders as follows:

22          1.      Plaintiff's request to proceed on the amended complaint is GRANTED.  The

23  Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of

24  fees, copies of the amended complaint in this matter (docket no. 9), all attachments thereto, and

25  copies of this order on:  **Soliz, McCarthy, Comstock, Jimenez, Estep, Owens, Norton,**

26  **Eagleton,** and **Santana** of the **Lake County Sheriff's Department** in **Lake, CA**.  The Clerk

27  shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the complaint to the

28  California Attorney General's Office.

1    2.        No later than **ninety (90) days** from the date of this order, Defendants shall file a

2    motion for summary judgment or other dispositive motion with respect to the cognizable claims

3    in the complaint.

4            a.        If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

5    failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

6    Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

7    F.3d 1108, 1119-20 (9th Cir. 2003).

8            b.        Any motion for summary judgment shall be supported by adequate factual

9    documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

10   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

11   **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

12   **that this case cannot be resolved by summary judgment, they shall so inform the Court**

13   **prior to the date the summary judgment motion is due.**

14   3.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and

15   served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

16           a.        In the event Defendants file an unenumerated motion to dismiss under

17   Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

18           The defendants have made a motion to dismiss pursuant to Rule 12(b) of
         the Federal Rules of Civil Procedure, on the ground you have not exhausted your
19       administrative remedies.  The motion will, if granted, result in the dismissal of
         your case.  When a party you are suing makes a motion to dismiss for failure to
20       exhaust, and that motion is properly supported by declarations (or other sworn
         testimony) and/or documents, you may not simply rely on what your complaint
21       says.  Instead, you must set out specific facts in declarations, depositions, answers
         to interrogatories, or documents, that contradict the facts shown in the defendant's
22       declarations and documents and show that you have in fact exhausted your
         claims.  If you do not submit your own evidence in opposition, the motion to
23       dismiss, if appropriate, may be granted and the case dismissed.

24           b.        In the event Defendants file a motion for summary judgment, the

25   Ninth Circuit has held that the following notice should be given to plaintiffs:

26   

27       [1] The following notice is adapted from the summary judgment notice to be given to pro se
28   prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
     *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sevey677srv2.wpd        3

1           The defendants have made a motion for summary  judgment by which
they seek to have your case dismissed.  A motion for summary judgment under

2   Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

3           Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when there is

4   no genuine issue of material fact--that is,  if there is no real dispute about any fact
that would affect the result of your case, the party who asked for summary

5   judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is

6   properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says.  Instead, you must set out specific facts in

7   declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in Rule 56(e), that contradict the facts shown in the defendants'

8   declarations and documents and show that there is a genuine issue of material fact
for trial.  If you do not submit your own evidence in opposition, summary

9   judgment, if appropriate, may be entered against you.  If summary judgment is
granted in favor of defendants, your case will be dismissed and there will be no

10   trial.

11   *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

12   Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

13   (1986) (holding party opposing summary judgment must come forward with evidence showing

14   triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

15   failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a

16   consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

17   without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

18   *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

19       4.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's

20   opposition is filed.

21       5.     The motion shall be deemed submitted as of the date the reply brief is due.  No

22   hearing will be held on the motion unless the court so orders at a later date.

23       6.     All communications by the Plaintiff with the court must be served on Defendants,

24   or Defendants' counsel once counsel has been designated, by mailing a true copy of the

25   document to Defendants or Defendants' counsel.

26       7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

27   No further court order is required before the parties may conduct discovery.

28       For Plaintiff's information, the proper manner of promulgating discovery is to send

1  demands for documents or interrogatories (for example, questions asking for specific, factual

2  responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34.  The scope of discovery is

3  limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P.

4  26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is

5  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

6  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

7  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

8  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  In

9  order to comply with the requirements of Rule 26, before deciding to promulgate discovery,

10  Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which

11  could include some or all of the discovery Plaintiff might seek .  In addition, no motion to

12  compel will be considered by the Court unless the meet-and-confer requirement of Rule

13  37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he

14  is not required to meet and confer with Defendants in person.  Rather, if his discovery requests

15  are denied, and he intends to seek a motion to compel, he must send a letter to Defendants to that

16  effect, offering them one last opportunity to provide him with the sought-after information.

17      8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

18  and all parties informed of any change of address and must comply with the Court's orders in a

19  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

20  pursuant to Federal Rule of Civil Procedure 41(b).

21      This terminates docket number 8.

22      IT IS SO ORDERED.

23  DATED:  2/7/11            _____

24                          LUCY H. KOH
                            United States District Judge

25

26

27

28

Order of Service; Directing Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sevey677srv2.wpd          5