IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SEVEY,<br><br>Plaintiff,<br><br>v.<br><br>SOLIZ, et al.,<br><br>Defendants. | No. C 10-3677 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO COMPEL<br><br>(Docket Nos. 34, 37, 39, 45) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that employees of the Lake County Sheriff's Department violated his constitutional rights. The Court ordered service upon named Defendants. On March 23, 2011, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 8, 2011, Plaintiff filed an opposition to the motion to dismiss. On April 12, 2011, Defendants filed a reply. In May and June 2011, Plaintiff filed three motions compelling Defendant Soliz to provide discovery. Defendants have filed two oppositions. Plaintiff has not filed a reply to these oppositions. After a review of the relevant pleadings, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss for failure to state a claim; DENIES without prejudice Plaintiff's motions to compel; and issues a further briefing schedule.

## BACKGROUND

In the amended complaint, Plaintiff alleges that on April 28, 2010, he was transported from Mule Creek State Prison to Lake County Jail. The defendants who transported him knew that he was a "sensitive needs" prisoner, and Plaintiff informed the booking defendants that he would "probably" have problems if they housed him in general population. One of the female defendants said she would place Plaintiff in the general population anyway. Approximately one hour later, Plaintiff was released with fifteen other general population male inmates into the dayroom. Plaintiff was attacked and beaten by several of the inmates. Plaintiff managed to escape to his cell and eventually received treatment for his injuries.

## MOTION TO DISMISS

Defendants submit that Plaintiff's claim against Defendants Jimenez, Estep, Owens, Norton, Eagleton, and Santana should be dismissed. In the amended complaint, Plaintiff alleged that he was transported by only two officers, but named these six because he was unsure of which officers actually transported him. Defendants also argue that Plaintiff failed to allege that any of these six defendants were aware of any facts that Plaintiff would be at risk if placed into general population, or that they had any involvement in the booking or classification decision. Defendants also argue that Plaintiff's claim against Defendants Soliz, McCarthy, and Comstock contain insufficient factual allegations to state a cognizable claim. Finally, Defendants allege that pursuant to California Government Code section 820.2, they are immune from liability from the state law negligence claim. The Court addresses each argument in turn.[1]

A. Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[1] Defendants' request that the Court take judicial notice of the statistics regarding the different facility levels at Mule Creek State Prison is GRANTED.

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Denying without Prejudice Plaintiff's Motions to Compel
P:\PRO-SE\SJ.LHK\CR.10\Sevey677mtdcompel.wpd 2

However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In ruling on a Rule 12(b)(6) motion, the Court may not consider any material outside the complaint but may consider exhibits attached thereto. *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion). The Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Further, the Court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

B. Analysis

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Denying without Prejudice Plaintiff's Motions to Compel
P:\PRO-SE\SJ.LHK\CR.10\Sevey677mtdcompel.wpd 3

is, subjectively, deliberately indifferent to inmate safety. *Id.* at 834. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See id.* at 837.

As the amended complaint stands, even with a liberal construction, the Court cannot reasonably infer that Jimenez, Estep, Owens, Norton, Eagleton, or Santana proximately caused Plaintiff to be placed into general population, or that any of these defendants did an affirmative act or did not perform an act which he was legally required to do, that caused the deprivation of which Plaintiff complains. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). There is no indication that, even if they knew what Plaintiff's classification was at Mule Creek State Prison, any of these six defendants had a duty to inform the booking officers of Plaintiff's previous classification, or that any of these six defendants were aware of where Plaintiff would be housed at Lake County. *See id.* at 634 (recognizing that liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right). Accordingly, Defendants' motion to dismiss is GRANTED as to Jimenez, Estep, Owens, Norton, Eagleton, and Santana.

However, the dismissal will be with leave to amend because Plaintiff may be able to allege additional facts that would state a claim. If Plaintiff wishes to amend, he shall file a SECOND AMENDED COMPLAINT within thirty days of the date this order is filed. In the second amended complaint, Plaintiff must link each Defendant to each claim by providing facts showing the basis for liability for each individual Defendant. He should not refer to them as a group (e.g., "the Defendants"); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights. *See id.* Failure to file a second amended complaint within the time allowed will result in the automatic dismissal without prejudice of Defendants Jimenez, Estep, Owens, Norton, Eagleton, and Santana, and the Court will proceed with the remaining Defendants.

With respect to the remaining three Defendants, the motion to dismiss is DENIED. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). A plaintiff is not required to plead his evidence "or specific factual details not ascertainable in advance of discovery." *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986). Construed liberally in Plaintiff's favor, the amended complaint alleges facts suggestive of unconstitutional conduct, and that is enough to withstand dismissal, even if Plaintiff's factual allegations are not detailed. *Twombly*, 127 S. Ct. at 1964-65.

Finally, Defendants move to dismiss the state law claim on the ground that they are immune. California Government Code Section 820.2 provides an exception to tort liability for public employees. It provides in relevant part, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." It is Defendants burden to prove on a motion to dismiss that, as a matter of law, they are entitled to immunity under this provision.

At this early junction in the proceedings, the Court does not know whether the facts will reveal that Defendants in fact exercised discretion. *See, e.g.*, *Lopez v. Southern Cal. Rapid Transit Dist.*, 40 Cal. 3d 792, 794 (1985); *see also Johnson v. State*, 69 Cal. 2d 782 (1968) (rejecting a semantic approach to construing the meaning of the term "discretionary" as used in Section 820.2 in favor of an approach that considers the public policy behind granting immunity). Accordingly, Defendants' motion to dismiss the state law claim is DISMISSED without prejudice.

**MOTIONS TO COMPEL**

On April 29, 2011, Plaintiff sent defense counsel a letter, informing him that if he did not receive responses to discovery requests by May 12, 2011 -- ten days beyond the date upon which

they were due -- he would seek a motion to compel. (Mot. to Compel, Ex. 3.) On May 2, 2011, defense counsel responded, and enclosed Defendants' responses to discovery. (*Id.*, Ex. 4.) On May 17 and May 20, 2011, Plaintiff filed two motions to compel discovery, alleging that Defendants refused to provide adequate responses to his interrogatories and requests for production of documents. On May 23, 2011, the Court ordered Defendants to file an opposition, or notice that they had complied with Plaintiff's requests. On June 14, 2011, Defendants filed their opposition and their amended responses to Plaintiff's discovery requests. On June 17, 2011, Plaintiff filed another motion to compel responses to his interrogatories.

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that a motion to compel disclosure for discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person of party failing to make disclosure or discovery in an effort to obtain it without court action." Prior to receiving any responses to discovery, Plaintiff sent Defendants a letter threatening compliance, however, he has not certified, nor is it clear from the record, whether Plaintiff attempted to resolve any discovery issues after receiving initial and amended responses, and prior to seeking Court intervention. To that end, Plaintiff's motions are DENIED without prejudice.

The Court has conducted a preliminary review of Defendants' initial and amended responses. The discovery requests are addressed to Defendant Soliz. All of the responses to discovery are incomplete, assert that Soliz does not know, or state, "[t]he requested documents are not in the possession, custody, or control of the responding party." Notwithstanding Defendants' erroneous assumption that a pending motion to dismiss automatically dissolves their duty to provide requests for discovery, the parties are directed to bear the following responsibilities in mind.

The party answering interrogatories must furnish "such information as is available to the party." Fed. R. Civ. P. 33(a). If an appropriate interrogatory is propounded, the answering party is required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf, or other agents or representatives, whether personally known

to the answering party or not; if the answering party lacks necessary information to make a full, fair, and specific answer to the interrogatory, it should so state under oath and should set forth in detail efforts made to obtain the information. *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 140 (W.D. Okla. 1977). If a responding party is unable to supply requested information, "the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and 'set forth the efforts he used to obtain the information.'" *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (quoting *Milner v. National School of Health Tech.*, 73 F.R.D. 628, 632 (E.D. Pa. 1977)). In addition, "[t]he phrase 'possession, custody or control' is in the disjunctive and only one of the numerated requirements need be met." *Cumis Ins. Society, Inc. v. South-Coast Bank*, 610 F. Supp. 193, 196 (N.D. Ind. 1985). Thus, actual possession of the requested documents is not required. The term "control" includes the "legal right of the producing party to obtain documents from other sources upon demand." *Biben v. Card*, 119 F.R.D. 421, 425 (W.D. Mo. 1987) (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)); *see also Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992) (holding that party with right to obtain regulatory agency documents upon demand has "control" of such material within the meaning of Rule 34).

With those general rules in mind, if, after attempting to resolve discovery disputes in good faith, either party is dissatisfied with the responses received, it may file a motion to compel disclosure of discovery.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's claim as to Defendants Jimenez, Estep, Owens, Norton, Eagleton, and Santana is DISMISSED with leave to amend.

2. Plaintiff's motions to compel are DENIED without prejudice.

3. If Plaintiff wishes to amend, he shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above if he

can do so in good faith. The second amended complaint must include the caption and civil case number used in this order (C 10-3677 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in the automatic dismissal without prejudice of Defendants Jimenez, Estep, Owens, Norton, Eagleton, and Santana**, and the Court will proceed with the remaining three Defendants.

4. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion.

a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No

Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Denying without Prejudice Plaintiff's Motions to Compel
P:\PRO-SE\SJ.LHK\CR.10\Sevey677mtdcompel.wpd 9

hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This terminates docket numbers 34, 37, 39, and 45.

IT IS SO ORDERED.

DATED: 7/2/11

LUCY H. KOH
United States District Judge