IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW SEVEY, | ) | No. C 10-3677 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| v. | ) | RECONSIDERATION; |
| | ) | DISMISSING DEFENDANTS |
| SOLIZ, et al., | ) | |
| | ) | (Docket No. 48) |
| Defendants. | ) | |
| | ) | |

      Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that employees of the Lake County Sheriff's Department violated his constitutional rights. On July 5, 2011, the Court granted in part and denied in part Defendants' motion to dismiss, and denied without prejudice Plaintiff's motion to compel. The Court issued a further scheduling order.

A.    <u>Motion for Reconsideration</u>

      On July 14, 2011, Plaintiff filed a motion for reconsideration. He argues that the Court should not allow Defendants another opportunity to file a dispositive motion, and disagrees with the Court's denial of his motion to compel. Where the Court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court has reviewed and considered Plaintiff's motion for reconsideration and finds that he has not satisfied any of the factors necessary to warrant reconsideration. Accordingly, Plaintiff's motion for reconsideration is DENIED.

Similarly, Plaintiff's request for permission to file an interlocutory appeal is DENIED. *See* 28 U.S.C. § 1292(b); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (noting that to warrant an interlocutory appeal, Plaintiff must demonstrate that (1) there is a controlling question of law, (2) that there are substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation).

Plaintiff has also requested appointment of counsel. Plaintiff's request is DENIED. Although Plaintiff states that he suffers from a neurological problem and head trauma, the Court finds that he has not demonstrated exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

B.   <u>Dismissed Defendants</u>

On July 5, 2011, the Court dismissed with leave to amend Plaintiff's Eighth Amendment claim against Defendants Jimenez, Estep, Owens, Norton, Eagleton, and Santana because there was no reasonable inference, even liberally construing Plaintiff's amended complaint, that these defendants proximately caused injuries to Plaintiff. The Court directed Plaintiff to file a second amended complaint within thirty days to correct the deficiencies if he could provide facts showing the basis for liability of each of the dismissed defendants. The Court warned Plaintiff that failure to file a second amended complaint within the thirty day deadline would result in

1  automatic dismissal of those defendants without leave to amend and without prejudice.  More
2  than thirty days have passed, and Plaintiff has not filed a second amended complaint.  Thus,
3  Defendants Jimenez, Estep, Owens, Norton, Eagleton, and Santana are DISMISSED from this
4  action without prejudice.

      This terminates docket number 48.

      IT IS SO ORDERED.

DATED:  8/29/11

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge