IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW SEVEY, | ) | No. C 10-3677 LHK (PR) |
| Plaintiff, | )<br>)<br>) | ORDER GRANTING<br>DEFENDANTS' MOTION FOR |
| v. | ) | SUMMARY JUDGMENT |
| SOLIZ, et al., | )<br>) | |
| Defendants. | )<br>) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that employees of the Lake County Sheriff's Department violated his constitutional rights. On July 5, 2011, the Court granted in part and denied in part Defendants' motion to dismiss for failure to state a claim, and ordered further briefing. On September 30, 2011, Defendants filed a motion for summary judgment. On October 24, 2011, Plaintiff filed a motion to deny Defendants' motion for summary judgment, which the Court construes as an opposition. On November 2, 2011, Defendants filed a reply. After a review of the relevant pleadings, the Court GRANTS Defendants' motion for summary judgment.[1]

## BACKGROUND

In October or November 2009, Plaintiff was transported from Mule Creek State Prison,

---

[1] Defendants' request for judicial notice is granted.

Order Granting Defendants' Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.10\Sevey677msj.wpd

1  which housed only protective custody inmates (Am. Compl. at ¶ 6), to Lake County Correctional
2  Facility. (Decl. McCarthy at ¶ 3; Req. for Judicial Notice, Ex. A.) Initially, Plaintiff was
3  assigned to "the hole," in B-pod. (Opp. at ¶ 3.) On November 17, 2009, Plaintiff requested to be
4  moved out of B-pod.[2] (*Id.* at ¶ 9.) That request was approved, and Plaintiff was moved into
5  general population that same day. (Decl. McCarthy, Ex. A.) From November 17, 2009, through
6  November 24, 2009, the date when Plaintiff returned to Mule Creek State Prison, there were no
7  reports that Plaintiff experienced any negative incidents while living in general population.
8  (Decl. McCarthy at ¶ 5.)

9  On April 28, 2010, Plaintiff was transported again from Mule Creek State Prison to Lake
10 County Correctional Facility. (Am. Compl. at ¶ 6.) Defendants Soliz, McCarthy, and Comstock
11 were at the booking desk when Plaintiff arrived. Plaintiff informed them that he came from
12 Mule Creek State Prison in the Sensitive Needs Yard. (*Id.*) McCarthy reviewed the
13 classification questionnaire, in which Plaintiff did not indicate any specific or known threats to
14 him. (Decl. McCarthy at ¶ 7, Ex. B.) Plaintiff did not request protective custody, and did not
15 specify any particular reason why he should not be housed in general population. (Decl.
16 McCarthy, Ex. B at question 29.) When asked if Plaintiff expected any trouble at the jail,
17 Plaintiff responded that he "always expects trouble." (Am. Compl. at 8.) Plaintiff also
18 informed one of the Defendants that he would "probably" have problems if she housed him in
19 general population. (*Id.*) Plaintiff was told that he would be placed in general population C-pod,
20 and Plaintiff responded that he would go wherever he was ordered to go. (*Id.*; Decl. McCarthy at
21 ¶ 9.) Plaintiff did not raise any objections when asked whether he objected to being housed in
22 general population. (Decl. McCarthy at ¶ 9.)

23 After Plaintiff was approved and classified to be housed in general population, Comstock
24 escorted Plaintiff to C-pod. (*Id.* at ¶ 9.) About an hour later, Plaintiff was released with 15 other

---

26  [2] McCarthy asserts that Plaintiff requested to be placed in general population, but
27 Plaintiff argues that he actually requested administrative segregation, and claims that he never
   requested general population. Despite this factual dispute, no party disputes that Plaintiff was
28 actually placed in general population on November 17, 2009. Nor do the parties dispute that
   Plaintiff suffered no negative incidents while housed in general population at that time.

Order Granting Defendants' Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.10\Sevey677msj.wpd         2

general population inmates into the dayroom.  (*Id.* at ¶ 10.)  Then, Plaintiff was attacked by several of these inmates, and injured.  (*Id.* at ¶ 11.)

Plaintiff asserts that Defendants' actions and inactions demonstrated deliberate indifference to his safety, in violation of the Eighth Amendment.  Plaintiff also raises a state law tort claim.

**DISCUSSION**

I.   <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *See id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

II.   <u>Motion to Continue</u>

As an initial matter, Plaintiff argues that if the Court is inclined to grant summary judgment, he requests a stay to obtain more discovery.  Specifically, Plaintiff wants to obtain a

Order Granting Defendants' Motion for Summary Judgment
G:\PRO-SE\SJ.LHK\CR.10\Sevey677msj.wpd         3

declaration from inmate Gui Archini stating that Plaintiff was housed in the adjacent cell to him in B-pod at Lake County Correctional Facility in November 2009, and they made plans to cell together. (Opp. at 7-8.) He further wants to obtain jail documents showing that B-pod is the "hole," and not administrative segregation, as alleged by McCarthy. (*Id.* at 8.) Plaintiff would further obtain declarations from jail inmates Pirtle, Fox, and Truscott, some of the inmates who assaulted him on April 28, 2010, stating that they overheard Comstock say to Plaintiff, "So, you are coming back from Mule Creek [State Prison]. Are you returning to Mule Creek State Prison after you're done here?" (*Id.*)

Federal Rule of Civil Procedure 56(d)[3] provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). It is a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(d) provides that a court may deny a summary judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Rule 56(d) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. *See Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). The requesting party must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center,*

---

[3] Federal Rule of Civil Procedure 56(d) was formerly 56(f). The rule was amended on December 1, 2010. As the Committee notes, "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Committee Notes on Rules - 2010 Amendment, Fed. R. Civ. P. 56. The Court thus applies existing precedent under Rule 56(f). *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011).

1 *Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

2     Plaintiff has not satisfied his burden under Rule 56(d). He has failed to demonstrate how
3 "additional discovery would [] reveal[] specific facts precluding summary judgment," *see Tatum*
4 *v. City and County of S.F.*, 441 F.3d 1090, 1101 (9th Cir. 2006), or how the sought-after facts are
5 essential to oppose summary judgment, *Family Home and Finance Center, Inc.*, 525 F.3d at 827.
6 Even assuming that the information Plaintiff seeks to discover are true, the additional facts do
7 not create a genuine issue of material fact, and thus would not preclude summary judgment.
8 Plaintiff's motion to continue or stay the proceeding is DENIED.

9 III.     <u>Analysis</u>

10     The Eighth Amendment requires that prison officials take reasonable measures to
11 guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of
12 prison officials to protect inmates from violence at the hands of other prisoners at the prison
13 violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged
14 is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately
15 indifferent to inmate safety. *Id.* at 834. A prison official is deliberately indifferent if he knows
16 that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take
17 reasonable steps to abate it. *Id.* at 837.

18     The evidence is undisputed that Plaintiff does not meet the standard for demonstrating
19 that he faced an objectively serious risk of danger. Plaintiff has tendered no evidence to support
20 a reasonable inference that Defendants' decision to house him in general population created an
21 objectively dangerous situation. Plaintiff asserts that he informed Defendants that he was
22 coming from Mule Creek State Prison, where he was a Sensitive Needs Yard inmate. However,
23 merely being moved from a Sensitive Needs Yard into general population, without more, is "too
24 speculative" to support a deliberate indifference claim. *See e.g.*, *Dixon v. Lavin*, 234 Fed. Appx.
25 814, *1 (9th Cir. 2007) (unpublished memorandum disposition).

26     Moreover, a prison official cannot be held liable under the Eighth Amendment unless the
27 standard for criminal recklessness is met - i.e., that the official knows of and disregards an
28 excessive risk to an inmate's safety by failing to take reasonable steps to abate it. *See Farmer*,

1  511 U.S. at 837. The official must both be aware of the facts from which the inference could be
2  drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*
3  Deliberate indifference is not shown by merely stating that a defendant should have known of a
4  risk, but requires an actual perception of a risk that does not exist merely because a reasonable
5  person should have perceived a risk. *Farmer*, 511 U.S. at 836 & n.4.

6        Here, Plaintiff never told Defendants, nor were they aware, that Plaintiff would be
7  concerned for his safety if he was placed in general population. (Decl. Sevey at ¶¶ 3-4; Decl.
8  Comstock at ¶¶ 3-4; Decl. McCarthy at ¶¶ 11-13.) Further, Plaintiff had previously been housed
9  in general population without incident at Lake County Correctional Facility. (Decl. McCarthy at
10 ¶ 5.) In addition, upon arrival at Lake County Correctional Facility on April 28, 2010, Plaintiff
11 identified no specific concerns besides mentioning that he came from Mule Creek State Prison
12 and had been a Sensitive Needs Yard inmate there. (Decl. McCarthy at ¶¶ 7-9; Am. Compl. at
13 ¶ 8.) Plaintiff told Defendants that he was not a gang member, that he had no reason to believe
14 he should not be housed in general population, that he had no problems being housed with other
15 inmates, and that he did not request protective custody. (Decl. McCarthy, Ex. B.) Plaintiff
16 argues that he told McCarthy that his preference was to be housed in "Max or Ad[ministrative]
17 Seg[regation]." (Opp. at ¶ 23.) However, having a preference for such housing does not give
18 rise to a reasonable inference that any of the Defendants knew Plaintiff faced a substantial risk of
19 harm if he was placed instead into general population. *See Farmer*, 511 U.S. at 837. In short,
20 there is an absence of evidence to support Plaintiff's claim that Defendants knew Plaintiff faced
21 a serious risk of harm if placed in general population.

22       Accordingly, the Court concludes that there is an absence of evidence sufficient to
23 demonstrate a genuine issue of material fact, and Defendants are entitled to summary judgment
24 as a matter of law.

25       Alternatively, Defendants argue that they are entitled to qualified immunity. The defense
26 of qualified immunity protects "government officials . . . from liability for civil damages insofar
27 as their conduct does not violate clearly established statutory or constitutional rights of which a
28 reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A

court considering a claim of qualified immunity must determine: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The Court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Id.*

At the time of the incident, the law was clearly established that a correctional officer could not disregard a substantial risk of serious harm to an inmate of which he was aware, and that he has a duty to protect a prisoner from violence at the hands of other prisoners. *See Farmer*, 511 U.S. at 833. The Ninth Circuit Court of Appeals further clarified the qualified immunity analysis for a deliberate indifference claim in *Estate of Ford v. Ramirez Palmer*, 301 F.3d 1043 (9th Cir. 2002). The Court explained that, for an Eighth Amendment violation based on a condition of confinement (such as a safety risk), the prison official must subjectively have a sufficiently culpable state of mind. *Id.* at 1050.

On the facts presented herein, viewed in the light most favorable to Plaintiff, Defendants prevail as a matter of law on their qualified immunity defense because the record establishes no constitutional violation. Even if a constitutional violation did occur, however, Defendants could have reasonably believed their conduct was lawful. Specifically, Defendants had no reason to believe that Plaintiff would be assaulted by other inmates based on what they knew and the actions they took. *See Sinaloa Lake Onwers Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995). Plaintiff arrived from Mule Creek State Prison, where he was housed as a Sensitive Needs Yard inmate, he was not affiliated with any gangs, he had previously been housed in general population at Lake County Correctional Facility with no issues, he affirmatively denied having any objections to being housed in general population (although he preferred other housing), he affirmatively denied having any problem being housed with other inmates, and he identified no specific concerns regarding being placed in general population. In light of these facts, it would not have been clear to a reasonable officer that placing Plaintiff into general population would be unlawful.

Accordingly, Defendants are entitled to qualified immunity.

IV. <u>State law claim</u>

Because the parties are not diverse, the Court's jurisdiction over the instant action is based on Plaintiff's federal claim. To the extent the Court has jurisdiction over the state law claim, such jurisdiction is supplemental in nature. *See* 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). Where a district court has granted summary judgment on the sole federal claim, the district court, pursuant to § 1367(c)(3), may properly decline to exercise supplemental jurisdiction over the remaining state law claim. *See Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002). Here, having considered the matter, and in light of the resolution of the federal claim, the Court declines to exercise jurisdiction over Plaintiff's state law claim, pursuant to § 1367(c)(3), and dismisses it without prejudice. Plaintiff may pursue his state law claim in state court. *See Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) (dismissal of pendent state claims following dismissal of federal claims must be without prejudice), *rev'd on other grounds by Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997).

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. Plaintiff's state law claim is DISMISSED without prejudice. Judgment shall be entered in favor of Defendants. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 4/26/12

LUCY H. KOH
United States District Judge